William E. BROCK, Secretary of Labor, Plaintiff-Appellant,

v.

William J. NELLIS, et al., Defendants-Appellees.

No. 85–3707.

United States Court of Appeals, Eleventh Circuit.

Feb. 12, 1987.

James Y. Callear, Mary-Helen Maunter, Washington, D.C., for plaintiff-appellant.

Robert E. Nord, William Swindal, Nancy G. Lisher, David M. Keller, D. Kendall Griffith, Chicago, Ill., Donald H. Partington, Pensacola, Fla., for defendants-appellees.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TJOFLAT, Circuit Judge:

This is a suit by the Secretary of Labor (the Secretary) against two attorneys who formerly represented a Teamsters Union pension fund, namely the Central States, Southeast, and Southwest Areas Pension Fund (the Fund). The Secretary contends that these attorneys breached certain fiduciary duties imposed by the Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829 (codified at 29 U.S.C. §§ 1001–1461 and in scattered sections of the I.R.C. (1982)) (ERISA), by counseling the Fund's trustees to purchase property at a mortgage foreclosure sale at a price that greatly exceeded the appraised

value of the property.[1] The Secretary seeks a judgment for the loss the Fund sustained when, following appellees' advice, it purchased the property for a price that exceeded the appraised value by about four million dollars.

The attorneys, in their answer to the Secretary's complaint, alleged as an affirmative defense that the Secretary's suit was time barred. The district court, in a bifurcated bench trial, found that the statute of limitations barred the Secretary's suit and dismissed it with prejudice. The Secretary now appeals this decision. We conclude that the district court misconstrued the statute of limitations, vacate the district court's judgment, and remand the case for further proceedings.

■ The applicable statute of limitations required the Secretary to bring this action within three years after acquiring actual knowledge that appellees breached their fiduciary duty to the Fund.[2] The district court found that more than three years before he brought suit, the Secretary knew that the Fund had paid an exaggerated price for the property at the foreclosure sale, and held that such knowledge constituted actual knowledge. The Secretary correctly points out that there was no direct or circumstantial evidence that within the three-year period he ever knew about appellees' participation in the trustees' decision to purchase the property at the inflated price. Hence, the Secretary argues, the district court found that the Secretary had constructive, rather than actual, knowledge of appellees' allegedly illegal activity, i.e., the Secretary had knowledge of facts sufficient to prompt an inquiry which, if properly carried out, would have revealed appellees' misdeed.[3] The Secretary's argument persuades us.

The requirement that the Secretary bring suit within three years of his discovery of an individual's breach of a fiduciary duty is an exception to ERISA's six-year statute of limitations. The six-year time period reflects Congress' determination to impress upon those vested with the control of pension funds the importance of the trust they hold. Thus, Congress evidently did not desire that those who violate that trust could easily find refuge in a time bar. Congress did, however, create two exceptions to the six-year limitations period. The first is the

1. 29 U.S.C. § 1002(21)(A) (1982) defines a fiduciary as any person who, with respect to the management of an employee pension fund,

exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, [or] ... renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so.

A fiduciary must act exclusively for the fund's benefit, *see* 29 U.S.C. § 1104(a)(1)(A) (1982), and must exercise the care of a prudent person, *see id.* § 1104(a)(1)(B). The Secretary of Labor is authorized to bring a civil action against fiduciaries who breach their duty. *See* 29 U.S.C. § 1132(a)(2) (1982). Whether persons, such as appellees, who are not pension fund trustees or employees can be fiduciaries is a question not before us in this appeal.

2. § 1113. Limitation of actions
(a) No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
(2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation, or (B) on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the Secretary under this subchapter;
except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.
29 U.S.C. § 1113 (footnote explaining non-existence of (b) omitted).

3. In 1974, the Fund loaned Indico Corporation (Indico) seven million dollars secured by property in northern Florida. Indico was unable to repay the loan, and the Fund instituted foreclosure proceedings in 1976. The Fund purchased the property for $6,700,000 at the foreclosure sale, after having started the bidding at five million dollars. The property's appraised value at that time was between 2.3 and 2.75 million dollars.

three-year limitations period mentioned above, which begins to run when the Secretary acquires "actual knowledge" of an ERISA violation. *See* 29 U.S.C. § 1113(a)(2)(A) (1982). Only the second exception, which is not relevant to our case, incorporates the theory of constructive knowledge. That section is triggered when the Secretary "could reasonably be expected to have obtained knowledge of [the alleged] breach or violation" from a filed report. *Id.,* § 1113(a)(2)(B). As in the case of actual knowledge, in this situation the Secretary must sue within three years.

■ To charge the Secretary with actual knowledge of an ERISA violation, it is not enough that he had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues. All of the parties in this case agree that the actual knowledge exception is the only time bar potentially relevant to this action. To us, section 1113(a)(2)(A) means only that once the Secretary learns of the facts that support his allegation of illegality, he has no more than three years in which to bring his suit. Although the legislative history of ERISA's statute of limitations is scant, nothing in its language or goals indicates that courts are to read into it anything more than its plain meaning.

The district court, in concluding that this suit is time barred, relied on *Vigman v. Community Nat'l Bank & Trust Co.,* 635 F.2d 455, 459 (5th Cir.1981).[4] *Vigman,* however, arose under the federal securities laws, and the decision relied on an earlier Fifth Circuit opinion involving securities laws claims. Congress has explicitly provided a statute of limitations applicable to the Secretary's ERISA claims. According to that provision, the Secretary does not have actual knowledge of his claim until he

is aware that an ERISA requirement has been violated.

On remand, the district court should bear in mind that the Secretary's claim does not concern the propriety of the Fund's original grant of the mortgage it foreclosed. Rather, the Secretary's claim concerns the price appellees *advised* the Fund to bid at the foreclosure sale. The mere fact that the Secretary knew, more than three years before bringing this suit, that the price the Fund paid at foreclosure was excessive does not necessarily mean that the Secretary also knew of appellees' involvement in the alleged transgression.

For the above reasons, the district court's judgment is reversed and the case is remanded for further proceedings.

REVERSED and REMANDED.

---

4. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. The district court quoted the *Vigman* court's statement that "[u]nder federal law, a cause of action ... accrues when the

aggrieved party has either actual knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Brock v. Nellis,* No. MCA 81–0245J–RV (N.D.Fla. June 28, 1985) (quoting *Vigman,* 635 F.2d at 459 (citations omitted)).