Neil A. USEDEN, etc., Plaintiff,

v.

C. Edward ACKER, et al., Defendant.

No. 85–0002–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 31, 1989.

Robert Shupack, Hollywood, Fla., Edward A. Kaufman, Miami, Fla., for plaintiff.

Irving Miller, Mitchell Fuerst, Miami, Fla., David Cooney, Ft. Lauderdale, Fla., Sanders Campbell, Dallas, Tex., Joseph Lowe, Miami, Fla., for defendant.

## SECOND ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

RYSKAMP, District Judge.

This cause is before the court upon various defendants' motions for summary judgment. In its earlier order of March 29, 1989, 721 F.Supp. 1233, the court reserved ruling on a number of issues. This order will dispose of all remaining issues. The summary judgment questions remaining are (1) the argument by Sun Bank of Miami, N.A. and Sun Bank, Inc. ("Sun Bank") that there is no private right of action pursuant to Regulation U of the Securities and Exchange Act of 1934 and that it is not subject to ERISA bonding requirements and (2) the claim by Greenberg Traurig Askew Hoffman Lipoff Rosen & Quentel ("Greenberg Traurig"), Eli Timoner, and Cesar Alvarez that this action is barred by the applicable statute of limitations. For the reasons that follow, the motion for summary judgment on Regulation U and the bonding requirements will be granted and the motions for summary judgment on the statute of limitations will be denied.

The court's Rule 54(b) order of May 16, 1989 will be vacated and the court will now direct that final judgment be entered.

## I. Applicable Facts

This case involves a number of claims by plaintiff, Neil Useden, as trustee for the Air Florida System, Inc. Profit Sharing Plan and Trust ("the Plan"), against the Plan's former trustees, lawyers, bankers, etc. The claims are brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and are primarily based on violations of fiduciary duties. For a complete statement of applicable facts, refer to this court's order of March 29, 1989.

## II. Legal Analysis

### A. Regulation U and Bonding Requirements

■ In Count XVIII of the Complaint, plaintiff contends that Sun Bank violated Regulation U, at 12 CFR § 221, by loaning the plan in excess of 50% of the value of the collateral pledged to secure the loan. Sun Bank contends there is no private right of action under the Securities and Exchange Act of 1934 for violations of Regulation U. In an earlier order denying a motion to dismiss, this court recognized its broad authority to fashion remedies under ERISA, *Donovan v. Mazzola*, 5 E.B.C. 2731 (N.D.Cal.1984), but this does not include the power to *create* a cause of action.

The court will not engraft a remedy on a statute that Congress did not intend to provide. *California v. Sierra Club*, 451 U.S. 287, 297, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981). The Supreme Court was reluctant to tamper with the carefully crafted ERISA enforcement scheme by creating a cause of action for extra-contractual damages in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). Similarly, this court cannot find that ERISA creates a private right of action for a violation of Regulation U, where neither ERISA or the securities law specifically provide for a cause of action.

Plaintiff contends that Sun Bank violated Regulation U by improperly valuing the loan collateral and by failing to obtain a signed U–1. It is unnecessary for the court to determine whether Sun Bank did violate Regulation U, because the court has concluded that there is no private cause of action under ERISA for a violation of Regulation U and that Sun Bank is entitled to judgment at a matter of law.

■ The court, in its prior order on the motions for summary judgment, found that Sun Bank was not a fiduciary with respect to the plan. Therefore, Sun Bank cannot be liable for a violation of 29 U.S.C. § 1112 by "handling trust property without being bonded." Summary judgment as to Count XV of the Second Amended Complaint will be entered in favor of Sun Bank.

### B. Statute of Limitations

Defendants Greenberg Traurig, Eli Timoner, and Cesar Alvarez argue that ERISA's three year actual knowledge statute of limitation, at 29 U.S.C. § 1113(a)(2), bars plaintiff's claims against them. Timoner contends the statute begins to run from the time that Useden became aware of the facts giving rise to his claim and that Useden had actual knowledge prior to January 2, 1982 through his role as the actuary for the plan. Greenberg Traurig and Alvarez argue that the prior trustee had knowledge of the possible violation and the three year statute of limitation applies to bar Useden's claims unless there is evidence of fraud or concealment. *Schaefer v. Arkansas Medical Society*, 853 F.2d 1487 (8th Cir.1988); *Kwak v. Joyce*, 683 F.Supp. 1546 (N.D.Ill.1988).

Plaintiff argues that his claims are controlled by the general limitation period, Section 1113(a)(1), and not the actual knowledge period. Section 1113(a)(1) provides that any claim for a fiduciary's breach must be brought within six (6) years after the date of the last action which constituted a part of the violation. A six (6) year limitation period is also available in the case of fraud or concealment, although neither has been alleged in this case. 29 U.S.C. § 1113(a).

The Eleventh Circuit, in *Brock v. Nellis*, 809 F.2d 753 (11th Cir.1987), recognized that the rather extended general limitation period was intended to impress upon fiduciaries the importance of the trust they hold. *Id.* at 754. "Congress evidently did not desire that those who violate that trust could easily find refuge in a time bar." *Id.* The three year exception is applicable only when plaintiff has actual knowledge of an ERISA violation. *Id.* at 755. According to the court, "it is not enough that he had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues." *Id.* Once plaintiff learns of the facts that support his allegation of illegality, he has no more than three years to file suit. *Id.*

In *Brock*, the Secretary of Labor (who is also authorized to sue on an ERISA violation) was aware more than three years prior to bringing suit that the pension fund had paid an exaggerated price for a foreclosed property. *Brock*, 809 F.2d at 754. But because there was no direct or circumstantial evidence that the Secretary ever knew about the defendants participation in the transaction, the court held that the Secretary did not have actual knowledge and that the three-year period was inapplicable. *Id.*

■ In the Eleventh Circuit, the shorter, three-year exception to the general ERISA statute of limitations will apply only if plaintiff had actual knowledge of the defendants' involvement in the purported ERISA violations. On a motion for summary judgment, the moving party bears the burden of showing the court how the pleadings and other submissions demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, Timoner, Greenberg Traurig, and Alvarez must show that the undisputed facts show that Useden had actual knowledge of the facts giving rise to ERISA violations and knowledge of each of the defendants' involvement in the violations. A fiduciary who violates the trust placed in him by the Plan will not easily find protection from a time bar. *Brock*, 809 F.2d at 754.

■ Timoner contends that, as an actuary for the plan, Useden was aware of all the facts necessary to his claim. He argues that Useden's knowledge of the loan made in 1981, his review of financial statements and the 1980 Form 5500, his general knowledge of the airline industry and the economic climate of that time, and his regular contacts with Air Florida principals show that Useden was aware of the ERISA violations and that the three-year period should apply. This evidence is insufficient to meet the Rule 56 summary judgment burden. While defendant presents strong evidence, the court cannot make the leap of faith necessary to conclude that Useden had actual knowledge of Timoner's involvement in the ERISA violations. Useden's familiarity with these documents and his deposition testimony do not conclusively prove that he had actual knowledge of the facts giving rise to this claim. Further, even if Useden did actually know in 1981 that Timoner was involved in possible violations of his fiduciary duties, there is evidence that Timoner and the Plan could correct the illegalities within a certain time period. In any case, enough factual questions remain to preclude summary judgment on the issue of the applicable statute of limitations as to Timoner.

Greenberg Traurig and Alvarez contend that Donald Lloyd–Jones' actual knowledge of ERISA violations while he was trustee should be imputed to the successor trustee, Useden. The court cannot accept this reasoning. The knowledge of the actual plaintiff, Useden, will determine whether to apply the three-year or the six-year limitation period.

The court is not persuaded by the cases cited by defendants, in which various statutes of limitation were not tolled even where there was a "conflict of interest." *See Landreth v. United States*, 850 F.2d 532 (9th Cir.1988); *Sweitlik v. United States*, 779 F.2d 1306 (7th Cir.1985); *Pittman v. United States*, 341 F.2d 739 (9th Cir.1965). Defendants have not met this burden. Defendants' primary evidence in support of their motion is a letter from

Steven Lapidus, of Greenberg Traurig, to Don Hays, of AFS, which discusses possible illegalities surrounding Air Florida's guarantee of a loan from Sun Bank to the Plan. While the letter, which apparently was copied to Neil Useden prior to his becoming trustee, presents many of the facts that form the basis of plaintiff's claims, it does not explain the defendants' involvement in the violations and does not establish, as a matter of law, that plaintiff had actual knowledge of defendants' involvement. While persuasive, the evidence is not compelling and material issues of facts remain to be resolved by the factfinder.

III. Conclusion

After a careful review of the pleadings and the court being fully advised in the premises, it is hereby:

ORDERED and ADJUDGED that:

(1) Sun Bank's motion for summary judgment on Regulation U and ERISA bonding requirements is GRANTED. This disposes of all of plaintiff's claims against defendant Sun Bank;

(2) All other defendants' motions for summary judgment on the statute of limitations are DENIED; and

(3) The court's May 16, 1989 order, granting plaintiff's motion for a Rule 54(b) order, is VACATED. As all of plaintiff's claims against Sun Bank and Greenberg Traurig have been adjudicated by today's order and the court's order of March 29, 1989, the court determines, in accord with Rule 54(b), that there is no just reason for delay and directs the Clerk that SUMMARY FINAL JUDGMENT BE ENTERED, pursuant to Rule 58, in favor of defendants Sun Miami and Sun Bank and Greenberg Traurig. Immediate entry of final judgment is necessary for an immediate appeal and speedy appellate review of the questions decided by the court will promote judicial economy by avoiding a second trial should the judgment be reversed on appeal.

DONE and ORDERED.