902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. ROGERS, Plaintiff-Appellant,
v.
William H. MILLAN, I. William Spraitzar, and William E.
Heineman, Defendants-Appellees.
 No. 89-3707.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE E. WOODS, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant John W. Rogers appeals the district court's grant of summary judgment for the defendants-appellees in his action alleging breach of fiduciary duties under provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001 et seq. For the reasons that follow, we reverse.
 
 I.
 
 2
 John W. Rogers was the sole non-trustee participant in the Stamco Sales, Inc. Profit Sharing Trust (the "Plan"), an employee benefit plan as defined in 29 U.S.C. Sec. 1002(3). William H. Millan, I. William Spraitzar, and William E. Heineman[1] were trustees of the Plan, along with Avery Klein, who also served as the Plan's administrator.
 
 
 3
 On July 31, 1985, Rogers and the trustees learned that Klein had misappropriated approximately $770,000 from the Plan over a period of time from July 1982 to June 1985. On August 22, 1985, Rogers, Millan, Spraitzar, Heineman, and Lucille A. Martin, a former trustee, filed an action as participants in the Plan to remove Klein as a trustee and to recover for his negligence and breach of fiduciary duties in administering the Plan.
 
 
 4
 On August 21, 1985, Stephan Petras, the attorney representing the plaintiffs in the action against Klein, advised Rogers that his position as a non-trustee participant was different from that of the trustee participants, and that he may have a claim as a participant against the trustees who were co-plaintiffs. Petras explained that neither he nor his law firm could represent Rogers in any potential action against the co-plaintiff trustees. The action against Klein was resolved by a settlement reached on July 18, 1986. During the settlement conference on that date, the judge in the case remarked that a jury might find that the trustees had failed in their responsibilities to oversee Klein.
 
 
 5
 On October 11, 1988, Rogers filed the present action against Millan, Spraitzar and Heineman (the "Trustees"), alleging that they failed to conform their conduct to the fiduciary responsibility provisions of ERISA, 29 U.S.C. Secs. 1103, 1104, and 1105. The first claim alleged that the Trustees failed to oversee Klein as a fiduciary of the Plan, and failed to manage and control the Plan's assets. The second claim alleged that the Trustees failed to comply with the provisions of the governing documents of the Plan, and the third claim alleged that the Trustees failed to maintain the tax qualified status of the Plan. On December 22, 1988, the Trustees filed a third-party complaint against Lucille Martin.
 
 
 6
 On March 8, 1989, the Trustees filed a motion for summary judgment asserting that Rogers' claims were time-barred by 29 U.S.C. Sec. 1113(a)(2). On April 13, 1989, the district court granted the motion for summary judgment as to the first two claims in Rogers' complaint, holding that the claims were not asserted within the three-year limitation period of section 1113. The district court ordered the parties to brief the third claim, but Rogers voluntarily dismissed that claim and the Trustees dismissed their third-party complaint pursuant to a court order entered on July 10, 1989. This timely appeal followed.
 
 
 7
 The principal issue on appeal is whether the district court erred by granting summary judgment for the Trustees.
 
 II.
 
 8
 Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). A district court's grant of summary judgment is reviewed de novo, Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988), and we must view all facts and inferences drawn therefrom in the light most favorable to the non-moving party. 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987).
 
 
 9
 Section 1113 provides for limitation of actions under ERISA:
 
 
 10
 (a) No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
 
 
 11
 (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
 
 
 12
 (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
 
 
 13
 except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.
 
 
 14
 29 U.S.C. Sec. 1113 (Supp.1987).[2] "In short, the basic ERISA limitation period of six years runs from the date of the breach or violation, except in case of fraud or concealment, when it runs from the date of discovery of the breach or violation." Fink v. National Sav. & Trust Co., 772 F.2d 951, 956 (D.C.Cir.1985). The six-year period can be reduced to three years if there is no fraud or concealment and the defendant can show that the plaintiff had actual knowledge of the breach or violation, and "the three year period runs from the time the plaintiff gained such knowledge." Id.
 
 
 15
 The district court held that Rogers' claims were subject to the three-year limitation period because Rogers had actual knowledge that the Trustees breached their fiduciary duties. The district court concluded that Rogers acquired actual knowledge of the breach prior to October 11, 1985, because on July 31, 1985, he learned that Klein had misappropriated Plan assets, and on August 21, 1985, he was advised by Petras of possible claims against the Trustees. The district court observed that "Rogers knew that Klein had misappropriated funds and therefore that Klein had not been prudently overseen." The court held, "There was no other fact that [Rogers] could have known after August 21, 1985, that would have given him a higher degree of actual knowledge concerning the loss of the Plan than he already had at that time." Consequently, the district court held that Rogers' claims were time-barred because the action was filed more than three years after Rogers had actual knowledge of the Trustees' breach of duty.
 
 
 16
 Rogers argues that the district court erred by granting summary judgment for the Trustees because there is a genuine issue of material fact as to the date on which he had actual knowledge that the Trustees' conduct constituted an ERISA violation. Rogers asserts that his knowledge of Klein's wrongdoing is insufficient to infer that he had actual knowledge of a breach by the Trustees. Rogers also maintains that Attorney Petras' informing him of a potential claim against the Trustees is not sufficient to infer actual knowledge, but was merely sufficient to prompt an inquiry into the Trustees' conduct.
 
 
 17
 Rogers insists that he acquired knowledge of the Trustees' breach of duty after October 11, 1985, during the course of the lawsuit against Klein and that his knowledge was solidified at the July 18, 1986, settlement conference when the judge observed that the Trustees may have breached their fiduciary responsibilities under ERISA. Rogers asserts that summary judgment was inappropriate because the Trustees failed to produce evidence establishing the specific date on which he had actual knowledge of the Trustees' misconduct.
 
 
 18
 "To apply the limitations period, [one] must first isolate and define the underlying violation upon which [the] claim is founded." Meagher v. IAM Pension Plan, 856 F.2d 1418, 1422 (9th Cir.1988), cert. denied, 109 S.Ct. 1943 (1989). In the present case, Rogers alleges that the Trustees breached their fiduciary duties in violation of 29 U.S.C. Secs. 1103, 1104, and 1105. Section 1104 codifies the prudent man standard of care for fiduciaries, and section 1105 addresses co-fiduciary liability. Under Sec. 1102(c)(3), trustees of a plan may appoint an investment manager to manage the plan's assets. "Where such an appointment is made, ... trustees are not liable for the acts or omissions of an investment manager." Fink, 772 F.2d at 956; see 29 U.S.C. Sec. 1105(d)(1). "However, even where an investment manager has been appointed, trustees' fiduciary duties are not abrogated." Fink, 722 F.2d at 956; see 29 U.S.C. Sec. 1105(d)(2).
 
 
 19
 It is unclear from the record whether Klein was appointed as an investment manager pursuant to section 1102(c)(3). In the district court's opinion, Klein is referred to as the administrator of the Plan, and Rogers identifies Klein as the person responsible for the administration and handling of the Plan. If Klein was the appointed investment manager, then the Trustees could not be held liable for his acts or omissions. Thus, Rogers' knowledge that Klein misappropriated funds would not create a claim against the Trustees. The Trustees would be liable only for a breach of their individual fiduciary duties. Alternatively, if Klein was not an appointed investment manager, then the Trustees could be held liable as co-fiduciaries for Klein's acts or omissions, but only under the circumstances specified in section 1105(a). Klein's misappropriation of funds would not automatically make the Trustees liable. Therefore, Rogers' knowledge of Klein's misappropriation of funds does not establish that he had actual knowledge of the Trustees' alleged breach of fiduciary duties.
 
 
 20
 A leading case on the actual knowledge exception of section 1113 is Brock v. Nellis, 809 F.2d 753 (11th Cir.), cert. dismissed, 483 U.S. 1057 (1987). In Nellis, the Secretary of Labor filed an action against two attorneys for breach of fiduciary duties imposed by ERISA. The Secretary alleged that the attorneys breached their fiduciary duties by counseling a pension fund's trustees to purchase property at a mortgage foreclosure sale at a price that greatly exceeded the appraised value of the property. The district court dismissed the Secretary's action finding that it was time-barred because the Secretary had actual knowledge that an exaggerated price had been paid for the property more than three years before he filed the action.
 
 
 21
 On appeal, the Secretary argued "that there was no direct or circumstantial evidence that within the three-year period he ever knew about [the attorneys'] participation in the trustees' decision to purchase the property at the inflated price." Id. at 754. The Secretary asserted that "the district court found that the Secretary had constructive, rather than actual, knowledge of [the attorneys'] allegedly illegal activity," and he argued that only actual knowledge could time bar his action. Id. The Eleventh Circuit agreed and reversed the district court's decision.
 
 
 22
 The court first noted that the three-year limitation period is an exception to ERISA's six-year statute of limitations, and it applies when the plaintiff acquires "actual knowledge" of an ERISA violation. The court observed that "Congress evidently did not desire that those who violate [the trust they hold] could easily find refuge in a time bar." Id. The court held:
 
 
 23
 To charge the Secretary with actual knowledge of an ERISA violation, it is not enough that he had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues. ... [S]ection 1113(a)(2)(A) means only that once the Secretary learns of the facts that support his allegation of illegality, he has no more than three years in which to bring his suit.
 
 
 24
 Nellis, 809 F.2d at 755 (emphasis added). The court observed that the alleged breach of duty concerned "the price [the attorneys] advised the [trustees] to bid at the foreclosure." Id. (emphasis in original). The court concluded that "[t]he mere fact that the Secretary knew, more than three years before bringing this suit, that the price the [trustees] paid at foreclosure was excessive does not necessarily mean that the Secretary also knew of [the attorneys'] involvement in the alleged transgression." Id.
 
 
 25
 The ruling in Nellis is applicable to the present case. Rogers cannot be charged with actual notice of an ERISA violation merely because "he had notice that something was awry." Id. The actual knowledge exception applies only if Rogers "had specific knowledge of the actual breach of duty upon which he sues." Id. The three-year limitation period began to run only when Rogers learned of the facts that support his allegation that the Trustees breached their fiduciary duties. Thus, while Rogers' knowledge of Klein's misdeeds may have been sufficient to prompt an inquiry which would have revealed the Trustees' violations, it does not establish that he had actual knowledge of their violations. Constructive knowledge of an ERISA violation is insufficient to invoke the actual knowledge exception.
 
 
 26
 Summary judgment is inappropriate where "there is a viable issue of fact as to when the limitations period began." Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 F.2d 168, 171 (10th Cir.1974). In Farrell v. Automobile Club, 870 F.2d 1129, 1132 (6th Cir.1989), we held there was no genuine issue of fact as to the plaintiffs' actual knowledge of the ERISA violation where the defendant offered the plaintiffs' depositions as indicative of the plaintiffs' actual knowledge of the violation, and the plaintiffs contradicted this evidence only with affidavits denying actual knowledge. We held that a party may not create "an issue of fact simply by submitting an affidavit contradicting his own prior testimony." Id.
 
 
 27
 In the present case, the Trustees supported their motion for summary judgment with affidavits and deposition testimony given by Rogers prior to October 11, 1985, pursuant to the action against Klein. The affidavits and testimony relate to Rogers' knowledge of Klein's misappropriation of Plan funds. These documents reveal that Rogers had actual knowledge of violations by Klein, but they do not show that he had actual knowledge of violations by the Trustees. Rogers' contention that he learned of the Trustees' violations during the course of the action against Klein does not contradict his earlier affidavits and deposition testimony. Therefore, the ruling in Farrell is not applicable to this case. Because there is a genuine issue of material fact as to when Rogers had actual knowledge that the Trustees breached their fiduciary duties under ERISA, the district court should not have granted summary judgment for the Trustees.
 
 III.
 
 28
 Accordingly, the district court's order granting summary judgment is REVERSED, and this case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 On April 8, 1989, William E. Heineman died, and on June 10, 1989, the district court granted Rogers' motion for substitution of a representative of Heineman's estate
 
 
 [2]
 Section 1113 formerly also included a three-year limitation period if the plaintiff acquired constructive knowledge of a breach of duty from a report filed with the Secretary. See 29 U.S.C. Sec. 1113(a)(2)(B) (1982). Subsection (a)(2)(B) was repealed in 1987