**Edward C. FECHTER, Evelyn Hoffman, and Roderick M. Jackson, individually and on behalf of all others similarly situated,**

**v.**

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY.**

**Civ. A. No. 87–0506.**

United States District Court, E.D. Pennsylvania.

Nov. 25, 1991.

Richard F. Stevens, Joseph A. Bubba, Andrew W. Markley, Fitzpatrick, Lentz & Bubba, Oldrich Foucek, III, Butz, Hudders, Tallman, Steven, & Johnson, Allentown, Pa., for plaintiffs.

John B. Langel, David S. Fryman, Anna-Maria Marshall, Ballard, Spahr, Andrews, & Ingersoll, Philadelphia, Pa., Waldemar J. Pflepsen, Jr., Paul A. Fischer, James F. Jorden, Jorden, Schulte & Burchette, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

Defendant Connecticut General Life Insurance Company ("Connecticut General") has filed a Motion *In Limine* for an order excluding the presentation of evidence and clarifying the evidence necessary to be presented, and, in the alternative, to certify this Court's October 10, 1991 Order, denying the parties' cross-motions for summary judgment, for immediate appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, Connecticut General's motion is denied.

## BACKGROUND AND PROCEDURAL HISTORY [1]

This case involves the 1984 termination by HMW Industries, Inc. ("HMW") and Hamilton Technology, Inc. ("HamTech") of the HMW Cooperative Retirement Income Plan For Salaried Employees (the "Plan"). Plaintiffs are a group of former salaried employees of HMW and HamTech (collectively the "Company"). Defendant Connecticut General issued a group annuity contract to the Plan for the funding and payment of retirement benefits prior to the Plan's termination (the "Group Annuity"), provided actuarial services to the Plan, including the calculation of the amount and allocation of surplus upon the Plan's termination, and sold an annuity to the Plan upon its termination which guaranteed the benefits due Plan participants (the "Guaranteed Annuity").

Plaintiffs claim that Connecticut General committed a breach of fiduciary duty by permitting surplus assets to revert to the Company upon the Plan's termination, or, in the alternative, by wrongfully calculating the allocation of surplus assets in favor of the Company. Plaintiffs additionally claim that Connecticut General committed a breach of fiduciary duty by charging an excessive premium for the Guaranteed Annuity which it sold to the Plan.

Following discovery, the parties moved for summary judgment on all claims. Connecticut General moved for summary judgment on the grounds, among others, that (1) Connecticut General was not an ERISA fiduciary with respect to the conduct upon which the Plaintiffs' claims are based, and (2) even if Connecticut General were a fiduciary, the Plaintiffs' claims are barred by ERISA's three-year statute of limitations. On October 10, 1991, we denied the parties' cross-motions for summary judgment, concluding that the facts in dispute and incomplete record before us precluded summary judgment in favor of either party.

Taking issue with our statement of the law, Connecticut General filed a Motion *In Limine* for an order excluding the presentation of certain evidence on the issue of whether Connecticut General is an ERISA fiduciary and clarifying the evidence which Connecticut General is required to present at trial in order to establish that the Plaintiffs' claims are time-barred. In the alternative, Connecticut General has moved to certify this Court's Order of October 10, 1991 for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## DISCUSSION

Reaffirming our prior statement of the law, we deny Connecticut General's Motion *In Limine* for an order excluding the presentation of evidence and clarifying the evidence necessary to be presented, and we deny Connecticut General's Motion, in the alternative, to certify this Court's October 10, 1991 Order for immediate appeal.

---

1. For a complete description of the facts and procedural history of this case, see this Court's Memorandum and Order Denying the Parties' Cross-Motions For Summary Judgment at 1–4, October 10, 1991 (VAN ANTWERPEN, J.).

### 1. *Connecticut General's Fiduciary Responsibilities.*

In our Order of October 10, 1991, we concluded that, if the Plaintiffs could prove that Connecticut General exercised actual decision-making authority over the distribution of surplus assets or the sale of the Guaranteed Annuity, then Connecticut General would be a fiduciary with respect to those specific transactions. *See* 29 U.S.C. § 1002(21)(A); *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1148–50 (3d Cir.1989); *Pappas v. Buck Consultants Inc.*, 923 F.2d 531, 535 (7th Cir.1991). We held further that the factfinder would be free to consider all of Connecticut General's "Plan activities" when deciding whether the Defendant exercised discretionary authority over the surplus assets or the Guaranteed Annuity. Concerned that Connecticut General may be held accountable for transactions over which it exercised no authority, Connecticut General has moved to exclude evidence at trial of those Plan activities which it considers to be "unrelated" to the distribution of surplus assets or the sale of the Guaranteed Annuity.

█ It is our task at trial to determine, as a factual matter, precisely the extent to which Connecticut General possessed or exercised actual fiduciary authority over the transactions in question. *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 417–18 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990). A determination of whether the allocation of surplus assets and the sale of the Guaranteed Annuity were, as the defendant contends, "arms-length" transactions for which Connecticut General did not exercise actual decision-making authority, must turn on a full understanding of Connecticut

General's relationship to the Plan. If the Plaintiffs can prove that Connecticut General, by virtue of Plan activities unrelated to the allocation of surplus assets or the Guaranteed Annuity, "caused" Plan administrators "to relinquish their independent discretion" in allocating surplus assets or in purchasing the Guaranteed Annuity, Connecticut General could be an ERISA fiduciary with respect to those two transactions.[2] *Corrigan Enterprises*, 793 F.2d at 1460.

Accordingly, Connecticut General's Motion *In Limine* to exclude evidence of activities undertaken by Connecticut General in connection with the Plan that are "unrelated" to the allocation of the Plan's surplus or the Plan's purchase of the Guaranteed Annuity, is denied. The court will determine at trial, upon the appropriate objections, which activities are in fact "unrelated" to the issues before it.

### 2. *ERISA'S Three–Year Statute Of Limitations.*

█ In our Order of October 10, 1991, we held that ERISA's three-year statute of limitations begins to run when a party gains actual knowledge of an ERISA breach or violation. 29 U.S.C. § 1113; *Brock v. Nellis*, 809 F.2d 753, 755 (11th Cir.), *cert. dismissed,* 483 U.S. 1057, 108 S.Ct. 33, 97 L.Ed.2d 821 (1987); *Hollingshead v. Burford*, 747 F.Supp. 1421, 1431 (M.D.Ala.1990); *Dasler v. E.F. Hutton & Co., Inc.*, 694 F.Supp. 624, 632 (D.Minn. 1988). There is no question on these facts that the statute of limitations defense is inextricably intertwined with the fiduciary duty issue. Although the Plaintiffs may have had actual knowledge of the transactions underlying their claims three years before filing their complaint, ERISA's

---

**2.** Contrary to Connecticut General's allegations, our opinion was not meant to suggest that if Connecticut General managed the Plan's assets that it could automatically be held accountable as a fiduciary with respect to the allocation of assets and the sale of the Guaranteed Annuity. We recognize that Connecticut General can only be a fiduciary with respect to those aspects of the Plan over which it exercised actual decision-making authority. *See e.g. Sommers Drug Stores Co. Employee Profit Sharing Trust v. Cor-*

*rigan Enterprises, Inc.,* 793 F.2d 1456, 1459–60 (5th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *Leigh v. Engle,* 727 F.2d 113, 133 (7th Cir.1984); *Schulist v. Blue Cross of Iowa,* 717 F.2d 1127, 1131–32 (7th Cir.1983); *Brandt v. Grounds,* 687 F.2d 895, 897–98 (7th Cir.1982). We merely meant to suggest that Connecticut General could be a fiduciary if its discretion over the Plan's assets carried over to the transactions in question.

three-year limitations period could not begin to run until the Plaintiffs gained actual knowledge of Connecticut General's involvement in those transactions, that is, until the Plaintiffs learned that Connecticut General was a fiduciary.[3] *See Brock*, 809 F.2d at 754; *Fink v. Nat'l Sav. & Trust Co.*, 772 F.2d 951, 956 (D.C.Cir.1985); *Useden v. Acker*, 734 F.Supp. 978, 979–80 (S.D.Fla.1989). Accordingly, we held that for purposes of ERISA's three-year limitations period, Plaintiffs' actual knowledge of the alleged breach or violation would turn on a determination of exactly when the Plaintiffs learned that Connecticut General exercised decision-making authority over the allocation of the Plan's surplus assets and the sale of the Guaranteed Annuity.

In response to Connecticut General's Motion *In Limine* for an order clarifying the evidence necessary for the statute of limitations defense, it is hereby directed that, in order to invoke ERISA's three-year statute of limitations defense, Connecticut General must prove that the Plaintiffs had actual knowledge prior to July 19, 1986[4] that Connecticut General breached its fiduciary duty to the Plan.

### 3. *Certification.*

■ Connecticut General has moved to Certify our Order of October 10, 1991 for direct appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance

the ultimate termination of the litigation, he shall so state in writing in such order. 28 U.S.C. § 1292(b).

Since there are no controlling questions of law "as to which there is substantial ground for difference of opinion," certification in this case would be inappropriate. If the Third Circuit were to examine the fiduciary and statute of limitations issues in this case, we are confident that they would reach the same legal conclusions. The law is well settled. Certainly the Plaintiffs' allegations are unique, and there may well be grounds to support differences of opinion with respect to how the law should be applied to the facts of this case. However, until there is a complete record and we have made our findings of fact, there is nothing for the Third Circuit to consider. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974) (leave to appeal may be denied based on the desire to have a full record before considering the disputed legal question). Accordingly, Connecticut General's Motion to Certify our Order of October 10, 1991 is denied.

### CONCLUSION

Nothing in this Memorandum is meant to suggest that any of the Plaintiffs' allegations are true. We merely note that, should the Plaintiffs introduce evidence to support their allegations, Connecticut General may well be an ERISA fiduciary and the Plaintiffs' claims are not necessarily barred by the statute of limitations.

Accordingly, we deny Connecticut General's Motion *In Limine* for an Order Excluding Presentation of Evidence And Clarifying Evidence Necessary to be Presented, and we deny Connecticut General's Motion

---

**3.** Contrary to Connecticut General's assertions, our holding that Plaintiffs' claims did not accrue until they learned that Connecticut General was a fiduciary is not equivalent to holding that ERISA's statute of limitations is triggered by the Plaintiff's knowledge of the law. The question of when the Plaintiffs learned that Connecticut General exercised decision-making authority over the transactions in question is different from the question of when the Plaintiffs learned that they had a legal claim based on the fact

that Connecticut General exercised decision-making authority. The latter is irrelevant to the statute of limitations issue.

**4.** The Plaintiffs' Complaint was filed against Connecticut General on July 19, 1989. Therefore, Plaintiffs' would have to have had actual knowledge of Connecticut General's breach prior to July 19, 1986 in order for ERISA's three-year limitations to apply.

in the Alternative, to Certify this Court's October 10, 1991 Order For Immediate Appeal.

An appropriate order follows.

### *ORDER*

AND NOW, this 25th day of November 1991, upon consideration of defendant Connecticut General's Motion *In Limine* For Order Excluding Presentation Of Evidence And Clarifying Evidence Necessary To Be Presented, And, In The Alternative, To Certify This Court's October 10, 1991 Order For Immediate Appeal and the opposition thereto, it is hereby Ordered that said Motion is DENIED.