[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13027
Non-Argument Calendar
_____

D.C. Docket No. 4:04-cv-00006-MSH

HOMER IRA LOCKHART,

Plaintiff-Appellant,

versus

BLUE CROSS BLUE SHIELD OF TENNESSEE,
Memphis,
BLUE CROSS BLUE SHIELD OF TENNESSEE,
Chattanooga,
SOUTHERN HEALTH PLAN INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 17, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Homer Lockhart appeals pro se the judgment in favor of Blue Cross Blue Shield of Tennessee in Memphis (Blue Cross of Memphis), its successor entity, Blue Cross Blue Shield of Tennessee in Chattanooga (Blue Cross of Tennessee), and its subsidiary, Southern Health Plan Inc., and against Lockhart's amended complaint that the companies violated the Employee Retirement Income Security Act of 1974.  29 U.S.C. § 1132.  We affirm.

In 1996, Lockhart obtained continuation health insurance benefits, under the Consolidated Omnibus Budget Reconciliation Act, from his former employer, Burkeen Construction Company.  Lockhart retained his coverage through Burkeen when the company transferred its group insurance policy from another insurer to Blue Cross of Memphis.  Burkeen failed to notify Blue Cross of Memphis that Lockhart had continuation coverage instead of health benefits as an active employee, but when the 18-month period for his continuation coverage expired in May 1998, Lockhart purchased an individual health insurance policy from another insurance company.  In December 1998, when Blue Cross of Memphis learned that Lockhart had lost his job and relocated to Georgia, the insurance company advised Lockhart to contact Blue Cross Blue Shield of Georgia, "which serv[ed] the area in which [he] reside[d]."  That month, Lockhart attempted to purchase an individual conversion policy from Blue Cross of Georgia, but the company refused to issue Lockhart a policy because of a gap in his coverage.  In the meantime, Blue Cross

2

of Memphis merged into Blue Cross of Tennessee. Blue Cross of Tennessee learned about Lockhart's predicament, and in January 1999, the insurance company offered Lockhart a conversion policy retroactive to the date that his coverage had expired with Blue Cross of Memphis. Lockhart rejected the offer.

In January 2004, Lockhart filed a complaint against the Blue Cross companies and Southern Health. Lockhart later filed an amended complaint that Blue Cross and Southern Health had failed to perform their duties as plan administrators to provide information to Lockhart about his rights under the Retirement Act, see 29 U.S.C. §§ 1132(c)(1), 1166(a); failed to comply with notice requirements imposed on employers, id. § 1132(c)(3); and breached their fiduciary duties, id. § 1132(a)(3). The district court granted partial summary judgment in favor of Blue Cross and Southern Health and ruled that the companies had not acted as plan administrators or violated notice requirements. See id. § 1132(c)(1), (c)(3). After a bench trial before a magistrate judge, the district court entered judgment against Lockhart's remaining claim for breach of fiduciary duty. The district court ruled that Lockhart's claim was barred by the three-year statute of limitation and, alternatively, failed for lack of proof that Blue Cross and Southern Health were fiduciaries.

Lockhart appeals the partial summary judgment and the final judgment following the bench trial, and we apply the same standard of review to both

3

rulings.  We review a summary judgment de novo.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  We also "review de novo the district court's interpretation and application of the statute of limitations."  McCullough v. United States, 607 F.3d 1355, 1358 (11th Cir. 2010) (quoting Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008)).

The district court correctly concluded that Blue Cross and Southern Health were not plan administrators under section 1132(c)(1).  The Retirement Act provides that a plan beneficiary may recover a civil penalty if his plan administrator "fails or refuses to comply with a request for any information which such administrator is required . . . to furnish," 29 U.S.C. § 1132(c)(1), about the beneficiary's rights under the Act, id. § 1166.  A plan administrator is either "the person specifically so designated by the terms of the instrument under which the plan is operated," id. § 1002(16)(A)(i), or a company acting as a plan administrator, see Hunt v. Hawthorne Assocs., Inc., 119 F.3d 888, 915 (11th Cir. 1997).  The enrollment agreements between Blue Cross, Southern Health, and Burkeen stated that Burkeen would "act as the 'plan administrator' for all purposes under ERISA including any and all reporting, disclosure or other fiduciary requirements."  Other undisputed evidence also established that Burkeen controlled the administration of the plan.  Blue Cross and Southern Health supplied to Burkeen the benefit booklets and other materials regarding the health insurance

4

program, and Burkeen agreed in its enrollment agreements to distribute the materials to its employees and to provide Blue Cross information necessary to prepare documents such as identification cards. Burkeen also agreed to "provide all notice and other documentation required under COBRA"; underwrite and administer continuation coverage; and notify Blue Cross of new enrollees and any qualifying event of a plan participant. And Darlene Brock, the Director of Membership Services for Blue Cross, averred in a supporting affidavit that Burkeen administered its continuation coverage and failed to notify Blue Cross or Southern Health when Lockhart's continuation coverage expired.

The district court also correctly concluded that Blue Cross and Southern Health were not subject to the notice requirements of section 1132(c)(3). Section 1132(c)(3) requires "[a]ny employer maintaining a plan . . . to meet [certain] notice requirement[s]" in the Act. 29 U.S.C. § 1132(c)(3). An employer is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ." Id. § 1002(5). Lockhart identified Burkeen as his employer in his amended complaint, his response to the motion for summary judgment, and his exceptions to the statement of undisputed material facts submitted by Blue Cross. Lockhart argues, for the first time, that Blue Cross qualified as an employer by acting in the interest of Burkeen, but we will not consider a legal theory "not [presented to] the district court and raised for the first

5

time in an appeal." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

The district court also did not err in ruling that Lockhart's complaint for breach of fiduciary duty was untimely. An action "with respect to a fiduciary's breach of any responsibility, duty, or obligation" under the Retirement Act must be commenced within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). Lockhart testified that he knew by March of 1999 that Blue Cross and Southern Health had violated his rights under the Retirement Act, but Lockhart waited until January 2004, long after the limitation period had expired, to file his complaint. See Brock v. Nellis, 809 F.2d 753, 755 (11th Cir. 1987). Lockhart argues that Blue Cross and Southern Health committed fraudulent concealment in May 1999 by asserting that they were not obliged to notify Lockhart of his right to purchase conversion coverage, but those assertions could not conceal the alleged wrongdoing of which Lockhart was already aware. See Morton's Mkt., Inc. v. Gustafson's Dairy, Inc., 198 F.3d 823, 832 (11th Cir. 1999).

Lockhart also raises three other alleged errors, none of which warrant relief. First, Lockhart argues that five exhibits to his motion to take judicial notice did not appear in the record at the time of his bench trial, but the omission had no "affect[] [on] the outcome of [his] case," Hearn v. McKay, 603 F.3d 897, 904 n.11 (11th

6

Cir. 2010) (internal quotation marks omitted). Lockhart introduced two of the exhibits during the trial and the factual findings of the magistrate judge were consistent with information in the other exhibits about why Lockhart was unable to obtain conversion coverage from Blue Cross of Georgia and how that led him to contact the Georgia Office of Insurance and the Safety Fire Commissioner. Second, Lockhart argues that Blue Cross and Southern Health waived their affirmative defenses of timeliness and lack of fiduciary obligations by failing to file an answer to the original complaint, but the companies timely raised the defenses in their answer to Lockhart's amended complaint. See Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1221–22 (11th Cir. 2012). Third, Lockhart argues that employees of Blue Cross provided false testimony about the respective responsibilities of Burkeen and the Blue Cross companies, but the testimony had no effect on the determination that Lockhart's claim for breach of a fiduciary duty was untimely. See Hearn, 603 F.3d at 904 n.11. The allegedly false testimony did not pertain to when Lockhart knew of wrongdoing by Blue Cross or whether the company concealed that wrongdoing.

Lockhart mentions in passing other errors in his statement of the issues and his argument, but he fails to include in his brief any substantive argument about the alleged errors. The Federal Rules of Appellate Procedure require an appellant to include in the argument portion of his brief all of his "contentions and the reasons

7

for them, with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(9)(A). Lockhart waived his challenges to the evaluation of his complaint and amended complaint, the denial of his motion for default judgment, the order allowing Blue Cross to withdraw its motion to dismiss part of the amended complaint and instead to file an answer, a discovery violation by Blue Cross, the denial of his motion to produce documents, and the order that he pay the costs of the action. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir.1989).

We **AFFIRM** the judgment in favor of Blue Cross of Tennessee and Southern Health.