**Robert E. HARTLINE,
et al., Appellants,**

v.

**SHEET METAL WORKERS' NATIONAL PENSION FUND,
et al., Appellees.**

**No. 01–7078.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 5, 2002.

Decided April 23, 2002.

David S. Preminger argued the cause for appellants. With him on the briefs was George M. Chuzi.

Steuart H. Thomsen argued the cause for appellees. With him on the brief were Nicholas T. Christakos and Stephen M. Rosenblatt.

Before: EDWARDS and RANDOLPH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The parties have raised two main issues on appeal. The first is whether a transferee court is bound by the substantive law of the transferor court when a federal law claim is transferred pursuant to 28 U.S.C. § 1404(a). The second is whether the actions taken by the appellees with respect to the multiemployer pension plan were actions subject to review under the fiduciary duty provisions found in section 404(a)(1) of ERISA. *See* 29 U.S.C. § 1104(a)(1).

■ For the reasons stated by the district court in its memorandum opinion of May 4, 1999, we affirm the district court's decision to apply the law of this Circuit. *See Hartline v. Sheet Metal Workers' Nat'l Pension Fund,* No. 98–1274 (D.D.C. May 4, 1999). When a case that is governed by federal law is transferred from one federal court to another, the transferee court should decide the federal claim based on its own circuit's interpretation of the law. *See Korean Air Lines Disaster,* 829 F.2d 1171 (D.C.Cir.1987) (holding that transferee courts are not bound to apply the decisions of transferor courts with respect to federal law claims).

■ In addition, for the reasons stated by the district court in its memorandum opinion of September 14, 2000, we affirm the district court's conclusion that the changes the appellees made to the multiemployer pension plan at issue in this case did not constitute a fiduciary act. *See Hartline v. Sheet Metal Workers' Nat'l Pension Fund,* 134 F.Supp.2d 1 (D.D.C. 2000). The Supreme Court made it clear in *Curtiss-Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995), *Lockheed Corp. v. Spink,* 517 U.S. 882, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996), and *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999), that employers and plan sponsors do not act in a fiduciary capacity when they modify, adopt or amend plans. Nothing in the Supreme Court's decisions or ERISA itself creates an exemption for multiemployer pension plans. Therefore, the district court correctly concluded that the multiemployer pension fund trustees involved in this case did not act in a fiduciary capacity when they made changes affecting the determination of appellants' benefits. *See, e.g., Walling v. Brady,* 125 F.3d 114 (3d Cir. 1997) (holding that multiemployer pension

fund trustees do not act in a fiduciary duty when designing or amending the plan).