FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUZANNE RUSSELL,

   Plaintiff-Appellant,

v.

CHASE INVESTMENT SERVICES
CORP.,

   Defendant-Appellee.

No. 10-5016
(D.C. No. 4:09-CV-00360-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

   Suzanne Russell appeals the district court's dismissal of her complaint

alleging that Chase Investment Services Corp. (Chase) violated its fiduciary

duties to her under the Employee Retirement Income Security Act (ERISA).  The

court ruled that the complaint failed to state a claim and, alternatively, that the

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case was barred by the statute of limitations. We take jurisdiction under 28 U.S.C. § 1291 and affirm based on the statute of limitations.

*Background*

The underlying facts are undisputed. Ms. Russell is the surviving spouse of Donald R. Russell, who died on March 31, 2009. On April 7, 1999, Mr. Russell executed a durable power of attorney, to become effective upon his disability or incapacity, naming his daughter, Brenda Kennemer, as his attorney-in-fact and giving her broad power over his property. In June 1999, Mr. Russell arranged for Chase to serve as custodian of his Individual Retirement Account (IRA). The funds in the IRA were derived from Mr. Russell's pension plan. Mr. Russell became incapacitated in April 2000, and Ms. Russell and Ms. Kennemer were appointed his general co-guardians in February 2001.

Under the authority of the durable power of attorney, Ms. Kennemer withdrew the entire value of the IRA, some $99,000, from the account between 2002 and 2005. Claiming the appointment of a general guardian rendered the durable power of attorney invalid, Ms. Russell filed suit in her capacity as guardian against Chase to recover the money Ms. Kennemer had withdrawn from the IRA.[1] The federal district court certified the question to the Oklahoma Supreme Court, who answered it in the negative, holding that "the appointment of

---

[1]     Ms. Russell alleged that after she confronted Ms. Kennemer with the withdrawals, Ms. Kennemer committed suicide.

a general guardian of the property does not automatically withdraw all of a ward's assets such than an attorney-in-fact is without power to act pursuant to a durable power of attorney." *Russell v. Chase Inv. Servs. Corp.*, 212 P.3d 1178, 1186 (Okla. 2009). Accordingly, the federal complaint was dismissed.

Ms. Russell then filed the present suit in her individual capacity against Chase, asserting that in allowing disbursements from the IRA, Chase had violated its fiduciary duties to her "in violation of her right to the joint and survivor annuity." Aplt. App. at 5. The district court dismissed the complaint. Ms. Russell appeals.

*Analysis*

The district court held that the IRA was not subject to ERISA, so the complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, the court held that even if the complaint stated an ERISA claim, it was barred by the statute of limitations, 29 U.S.C. § 1113(2), which provides that a claim based on a breach of fiduciary duty must be filed within "three years after the earliest date on which the plaintiff had actual knowledge of the breach." We need not review the first ruling because we conclude that Ms. Russell filed her lawsuit for breach of fiduciary duty more than three years after she had actual knowledge of the facts on which she based her complaint. We review de novo the district court's determination that the complaint was barred by the statute of limitations. *Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1104 (10th Cir. 1999).

Ms. Russell argues that Oklahoma state law provides the controlling statute of limitations, and she asserts that she had five years to file suit under Oklahoma's statute of limitations for breach of contract. *See* Okla. Stat. tit. 12, § 95(A)(1). She relies on case law holding that where ERISA provides no applicable statute of limitations, the courts apply an analogous state-law limitations period. *See Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1207 (10th Cir. 1990) (holding that "an ERISA action for benefits is analogous to a state-law action upon a contract," and applying state-law statute of limitations). She contends that her "cause of action for recovery of her joint and survivor benefits arose on the day her husband died [March 31, 2009]," Aplt. Opening Br. at 16, so her lawsuit filed June 9, 2009, was timely.

Although Ms. Russell argues on appeal that she seeks recovery of her joint and survivor benefits in the IRA, the IRA is virtually without value. Rather, she seeks reimbursement from Chase for the monies paid from the IRA to Ms. Kennemer on her theory that Chase intentionally breached its fiduciary duties in allowing the withdrawals. This was the theory of recovery alleged in her complaint. Aplt. App. at 5. *Held* is inapposite because, there, the plaintiff sought "an order enforcing his rights as a participant in the pension plan," 912 F.2d at 1199, for which there was not an applicable ERISA limitations period, *id.* In contrast, ERISA contains a statute of limitations applicable "to actions brought to redress a fiduciary's breach of its obligations to enforce the provisions of

ERISA." *Trustees of Wyo. Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co.*, 850 F.2d 613, 618 n.8 (10th Cir. 1988) (citing 29 U.S.C. § 1113); *accord Held*, 912 F.3d at 1200 (noting that ERISA contains a limitations period applicable to violations of fiduciary responsibilities, 29 U.S.C. § 1113).

Ms. Russell's claims are covered by 29 U.S.C. § 1113(2). She concedes that she knew in July 2005 that Ms. Kennemer had withdrawn the funds from the IRA account. Therefore, she had actual knowledge of Chase's alleged breach of fiduciary duty in July 2005. The statute of limitations ran in July 2008. Her complaint filed June 9, 2009, is thus time-barred.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell R. Tacha
Circuit Judge