FILED
United States Court of Appeals
Tenth Circuit

April 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MID-SOUTH IRON WORKERS
WELFARE PLAN; IRON WORKERS
MID SOUTH PENSION FUND;
OKLAHOMA IRON WORKERS'
DIRECT CONTRIBUTION PLAN AND
TRUST; OKLAHOMA IRON
WORKERS' APPRENTICESHIP &
TRAINING FUND LOCAL 48,

      Plaintiffs - Appellants,

v.

RYAN MICHAEL HARMON; KRYSTAL
DAWN HARMON, husband and wife,

      Defendants - Appellees.

No. 15-6064
(D.C. No. 5:15-CV-00138-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

    Plaintiffs, all employee benefit plans under the Employee Retirement Income

Security Act (ERISA), seek reversal of the district court's dismissal of their claim

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

against Defendants Ryan and Krystal Harmon for breach of fiduciary duty. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Plaintiffs are a group of ERISA funds (the "Funds") established by a union of iron workers in Oklahoma. Angel Erectors LLC, an Oklahoma limited liability company, was party to a collective bargaining agreement with Iron Workers Local 84 and 584. Krystal Harmon was a founding member of Angel Erectors. As is customary with these agreements, Angel Erectors was obligated to provide monthly reports to the Funds detailing hours worked by union members and to timely pay the requisite contributions. Angel Erectors complied with these requirements for a time, but eventually stopped.

In August 2010, the Funds filed suit in federal court to compel an audit of Angel Erector's books, alleging that Angel Erectors had "failed to submit monthly contributions and/or remittance reports as required by the Collective Bargaining Agreement." Aplee. App. at 11. Shortly after service of the complaint, Ryan Harmon formed another Oklahoma limited liability company called Harmon Steel Constructors LLC. Angel Erectors transferred all of its assets and liabilities to Harmon Steel in February 2011 and filed a petition for bankruptcy in March. The Funds moved to dismiss the bankruptcy in June 2011, but the motion was denied and the bankruptcy closed in August. In February 2012, the Funds amended their complaint to add Harmon Steel as a defendant. In August 2012, the audit was ordered and, upon completion in September, it showed that substantial contributions

2

were owed to the Funds.  The district court entered judgment against both Angel Erectors and Harmon Steel, jointly and severally, in the amount of $263,142.59, which included the unpaid contributions, attorneys' fees, and audit costs.

Presumably unable to execute on its judgment against Harmon Steel, the Funds filed suit against the Harmons individually in state court in December 2014.  In their petition, the Funds averred that post-judgment discovery revealed that corporate formalities were not observed by either of the Harmons' companies.  In this suit, the Funds alleged two causes of action: (1) to pierce the corporate veil of Harmon Steel on an alter ego theory; and (2) to recover for breach of fiduciary duty owed the Funds under ERISA.  The Funds alleged that the particular breach of fiduciary duty in this case was the Harmons' failure "to pay monthly employer contributions resulting in a cognizable loss to the plans managed" by the Funds.  Aplt. App. at 15.  The Harmons moved to dismiss the second claim, arguing in relevant part that the Funds' breach-of-fiduciary-duty claim was barred by the three-year statute of limitations provided for by ERISA.  *See* 29 U.S.C. § 1113(2) (barring actions three years after a party has "actual knowledge" of a breach).  Specifically, the Harmons contended that the Funds had actual knowledge of the breach in August 2010 when they filed the first action.

Shortly thereafter, the Harmons removed the case to federal court.  Addressing the Harmons' motion to dismiss filed in state court, the district court found the Funds "knew long ago about the duty and the alleged breach, because it was on that basis that they sued Angel Erectors" in the first place.  Aplt. App. at 91–92.  The court also

3

stated that, as the Harmons noted in their motion, the Funds "were also aware of Harmon Steel's relationship to Angel Erectors and any wrongdoing . . . at least by June 6, 2011, when they filed a Motion to Dismiss in Angel Erectors' bankruptcy case."[1]  *Id.* at 92.  On those bases, the court concluded that the Funds had "actual knowledge of all the material facts necessary to pursue a breach of fiduciary claim against the [Harmons] at least as early as June of 2011."  *Id.*  Accordingly, the court dismissed the breach-of-fiduciary-duty claim under Federal Rule of Civil Procedure 12(b)(6) as untimely and remanded the alter-ego claim to state court, declining to exercise supplemental jurisdiction.

## II

The Funds appeal the district court's dismissal on three grounds: (1) they did not have actual knowledge of the Harmons' breach of fiduciary duty until the completion of the audit in September 2012, so the second action was timely under ERISA's three-year statute of limitations; (2) alternatively, the district court should have applied ERISA's six-year statute of limitations for fraud and concealment; and (3) the district court improperly relied on the Funds' motion to dismiss in the bankruptcy proceeding, a matter "outside of the pleadings," Opening Br. at 25.  We review a district court's application of Rule 12(b)(6) de novo.  *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007).

---

[1]  In that motion to dismiss, the Funds included a footnote that read: "Krystal Harmon is the managing member of Angel Erectors.  Her husband, Ryan Harmon, is the sole member of Harmon Steel Construction, LLC, the entity to which substantially all assets of Angel Erectors were transferred."  Aplt. App. at 39 n.1.

4

**A**

As an initial matter, the Funds did not properly preserve all of their issues for our review. Many years ago, the Supreme Court held "that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). In the years since, we have fleshed out the reasons for this rule. For example, "review of issues not raised below would require us to frequently remand for additional evidence gathering and findings." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (alteration and internal quotation marks omitted). We have "repeatedly stated that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." *Id.* Issues addressed in a "perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004); *see also Lyons*, 994 F.2d at 721 ("The touchstone on this issue is that vague, arguable references to a point in the district court proceedings do not preserve the issue on appeal." (alterations omitted)).

Here, the Funds made a single reference to ERISA's six-year statute of limitations before the district court. In their response to the Harmons' motion to dismiss, which sought dismissal based only on the three-year statute of limitations, the Funds mentioned the six-year statute of limitations in conjunction with quoting 29 U.S.C. § 1113. Aplt. App. at 73. Thereafter, the Funds never mentioned the six-year statute of limitations again and instead pursued their argument solely on the basis of the three-year statute of limitations. The Funds never attempted to apply the

5

six-year statute of limitations to the facts of this case. Thus, the Funds' perfunctory "analysis" of the six-year statute of limitations was a "vague, arguable reference" before the district court, where the theory pursued was different from the theory advanced on appeal. *See Lyons*, 994 F.2d at 721. Accordingly, the Funds did not preserve the issue for our review.

**B**

ERISA bars any claim for breach of fiduciary duty after "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). We have yet to define the phrase "actual knowledge," but our sister circuits have, falling for the most part into two schools of thought: those that require some understanding that the conduct is unlawful under ERISA and those that merely require knowledge of the conduct itself. The Seventh Circuit has held that "it is not necessary for a potential plaintiff to have knowledge of every last detail of a transaction, or knowledge of its illegality"; rather, the plaintiff "must know the essential facts of the transaction or conduct constituting the violation." *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992); *accord Wright v. Heyne*, 349 F.3d 321, 329–30 (6th Cir. 2003). On the other hand, the Third Circuit has held that the plaintiff must not only know of events that constitute the breach, but also know that those events support a claim under ERISA. *Int'l Union v. Murata Erie N.A., Inc.*, 980 F.2d 889, 900 (3d Cir. 1992);[2] *accord Caputo v. Pfizer, Inc.*,

---

[2] The district court applied the Third Circuit's approach in the order the Funds appeal to us.

267 F.3d 181, 193 (2d Cir. 2001); *Maher v. Strachan Shipping Co.*, 68 F.3d 951, 955–56 (5th Cir. 1995); *Brock v. Nellis*, 809 F.2d 753, 755 (11th Cir. 1987); *see also Waller v. Blue Cross of Cal.*, 32 F.3d 1337, 1339, 1341 (9th Cir. 1994) (holding plaintiffs lacked actual knowledge that a retirement plan used an infirm bidding process to select annuity providers where the plaintiffs merely knew of the annuities' purchase).

We need not adopt one of these constructions of the statute because the district court's ruling is sound under any of them. The Funds' claim is covered by § 1113(2) and the specific breach they seek redress for is the failure "to pay monthly employer contributions resulting in a cognizable loss to the plans managed" by the Funds. Aplt. App. at 15. The Funds stated in their petition in the first action that the Harmons and their companies "failed to submit monthly contributions and/or remittance reports as required by the Collective Bargaining Agreement." Aplee. App. at 11. This statement evidences the Funds' knowledge in August 2010 that the Harmons had failed to contribute, which is the only basis for their breach-of-fiduciary-duty claim in the second action. Though the Funds attempt to paint the compulsion of an audit as their true motive in filing the first action — essentially arguing that they merely knew "something was awry," *see Martin*, 966 F.2d at 1086 (internal quotation marks omitted) — it is clear that they knew contributions were not being made. Accordingly, the Funds had actual knowledge of the Harmons' alleged breach of fiduciary duty, under any other circuit's definition, in

7

August 2010.  The statute of limitations ran in August 2013.  The breach claim, filed in December 2014, is thus time-barred.

## C

Facts "subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Courts may take judicial "notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).  We therefore see no error in the district court's consideration of the Funds' motion to dismiss filed in Angel Erectors' bankruptcy proceeding.

## III

Because we discern no error in the district court's decision, the judgment of the district court is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge

8