**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AGI CONSULTING L.L.C., an Oklahoma
limited liability company, by Assaf Al-
Assaf as Trustee/Owner/Plan Administrator
of an Alleged Non-Integrated Defined
Benefit Plan,

     Plaintiff - Appellant,

v.

AMERICAN NATIONAL INSURANCE
COMPANY, a Texas insurance company,

     Defendant - Appellee.

No. 19-6060
(D.C. No. 5:18-CV-00252-G)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.[**]
_____

Appellant AGI Consulting L.L.C. appeals the district court's denial of its

post-judgment request to amend its complaint in order to include claims under the

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

AGI commenced this action by filing a complaint on March 21, 2018. According to the complaint, in June 2011, AGI entered into a contract with Defendant American National Insurance Company ("ANICO") to purchase a defined benefit plan for AGI's employees that ANICO would administer in accordance with terms handwritten by AGI's representatives on a form furnished by ANICO. AGI alleged that, without AGI's knowledge, ANICO replaced the handwritten plan with a typewritten one and in the process altered the agreed-upon terms. AGI claims it did not discover the existence of the typewritten plan, with its altered terms, until August 10, 2016. Based on these allegations, AGI asserted a claim for common-law fraud.

ANICO moved to dismiss the complaint. Pointing to a summary plan description AGI filed as an exhibit in a related action, ANICO argued that AGI, exercising reasonable diligence, should have discovered the basis for the alleged fraud by September 12, 2013, and that the claim was thus time-barred under Oklahoma's statute of limitations. In response, AGI conceded its fraud claim was time-barred. AGI explained that it had discovered in its archived digital files a copy of the typewritten plan that one of its employees had received from ANICO on March 14, 2012. However, AGI requested leave to amend its complaint to include common-law claims for breach of contract, rescission, and reformation.

The district court denied AGI's request to amend its complaint. The court concluded the proposed amendment would be futile because all the claims AGI sought to include would also be time-barred under Oklahoma's statute of limitations.

2

And, as the parties agreed the fraud claim was time-barred, the court granted ANICO's motion to dismiss and entered judgment for ANICO.

AGI then filed a timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment.[1]  In its motion, AGI again requested leave to amend its complaint, this time to include claims that ANICO breached its fiduciary duties to AGI in violation of ERISA.[2]  In response, ANICO argued that AGI's request to amend should again be denied as futile because the claims AGI proposed would be time-barred under the applicable ERISA statute of repose.  *See* 29 U.S.C. § 1113.

The district court agreed with ANICO.  The court perceived two breaches of a fiduciary duty that AGI proposed to assert in its amended complaint and concluded both would be time-barred.  First, AGI claimed ANICO breached its fiduciary duty by replacing the agreed-upon terms from the handwritten plan with different terms in the typewritten plan, which ANICO then used to administer the plan.  The court determined AGI had notice of the typewritten plan and its different terms—and thus of the basis for its breach claim—no later than March 14, 2012, when its employee received a copy of the typewritten plan from ANICO, rendering AGI's proposed claim on this basis time-barred under the periods outlined in § 1113.  Second, AGI

---

[1] AGI sought relief under section (a) of Rule 59, which relates to requests for a new trial.  *See* Fed. R. Civ. P 59(a).  Noting there had been no trial in the proceeding, the district court characterized AGI's motion as brought under section (e), and AGI accepts this characterization on appeal.

[2] The district court understood AGI to be arguing that the court should have construed AGI's first request to amend the complaint to include a request to bring an ERISA breach-of-fiduciary-duty claim.

3

claimed ANICO breached its fiduciary duty by failing to resolve its disputes with AGI regarding ANICO's calculation of the census (the list of eligible employees). AGI asserted that ANICO included ineligible employees in the census, increasing AGI's costs, and that ANICO could have resolved the census disputes but failed to do so. The court determined AGI's own filings showed it had actual knowledge of the basis for this claim no later than September 12, 2013, rendering it time-barred under § 1113(2). Accordingly, the court denied AGI's Rule 59(e) motion.

On appeal, AGI challenges the district court's denial of the request raised in its Rule 59(e) motion to amend its complaint in order to include ERISA breach-of-fiduciary-duty claims. "Rule 59(e) relief is available in limited circumstances, including (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (alterations and internal quotation marks omitted). "Generally, leave to amend should be freely granted when justice requires, but amendment may be denied when it would be futile." *Moya v. Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018). We typically review for abuse of discretion the court's denial of both Rule 59(e) motions and requests to amend a complaint. *See id.* (request to amend); *Hayes Family Tr.*, 845 F.3d at 1004 (Rule 59(e) motion). However, we review the legal basis for a finding of futility, as well as questions involving the applicability of statutes of limitations and repose, de novo. *See Moya*, 895 F.3d at 1239; *Fulghum v. Embarq Corp.*, 785 F.3d 395, 413 (10th Cir. 2015).

4

"[Section] 1113 governs the time for filing a breach of fiduciary duty claim arising from an alleged violation of the duties imposed on ERISA plan fiduciaries." *Fulghum*, 785 F.3d at 413. Section 1113 states in its entirety:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> >
> > (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

As for its first claim for breach—based on allegations that ANICO replaced the handwritten plan with a materially different typewritten plan causing it to administer the plan under the latter's terms—AGI argues that it would not be time-barred under § 1113(2)'s three-year limitations period because AGI lacked actual knowledge of the typewritten plan's existence until August 2016. However, AGI does not challenge the district court's conclusion that the claim would be time-barred by the six-year repose period in § 1113(1), which begins to run at the time the breach occurred regardless of when a plaintiff discovers or should have discovered it. *See Fulghum*, 785 F.3d at 413. Here, the record is clear that the alleged breach occurred no later than March 14, 2012, as there is no dispute that, by then, ANICO had begun

5

administering the plan under the typewritten plan's terms. The six-year repose period had begun running at least by that date, and, because the period expired earlier than the three-year limitations period proposed by AGI and before AGI commenced the action, § 1113(1) would bar this claim in the absence of an applicable exception. *See Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996) ("[S]ection [1113] creates a general six[-]year statute of [repose], shortened to three years in cases where the plaintiff has actual knowledge, and potentially extended to six years from the date of discovery in cases involving fraud or concealment.").

AGI argues that § 1113's "fraud or concealment" exception applies because it did not have actual knowledge of the typewritten plan until much later. We are not persuaded. Even assuming the exception might otherwise apply, its six-year period begins to run when a plaintiff "discover[s]" the breach. 29 U.S.C. § 1113. Unlike the three-year limitations period in § 1113(2), the fraud-or-concealment exception does not require a plaintiff to have "actual knowledge" of the breach; instead, constructive knowledge will suffice, and the period will begin to run when the plaintiff, by exercising diligence, should have discovered the breach.[3] Here, AGI

---

[3] Every circuit to consider the issue has ruled that the fraud-or-concealment exception does not require a plaintiff to have actual knowledge of the alleged breach; instead, constructive knowledge will suffice, and the period begins to run when the plaintiff should have discovered the alleged breach by exercising diligence. *See J. Geils Band Emp. Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1252–55 (1st Cir. 1996); *Janese v. Fay*, 692 F.3d 221, 228 (2d Cir. 2012); *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 788 (3d Cir. 2001); *Browning v. Tiger's Eye Benefits Consulting*, 313 F. App'x 656, 663 (4th Cir. 2009); *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 573 (6th Cir. 2010); *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1093–96 (7th Cir. 1992); *Schaefer v. Ark. Med. Soc'y*,

concedes it had constructive knowledge of the typewritten plan by March 14, 2012, more than six years before it commenced this action. The exception would not apply.

With respect to its second breach claim—based on allegations that ANICO failed to resolve disputes with AGI regarding ANICO's incorrect inclusion of ineligible employees in the census in violation of the handwritten plan's terms—AGI argues again the claim would not be time-barred under § 1113(2) because AGI lacked actual knowledge that ANICO was operating under the terms of the typewritten plan.[4] The district court, however, after defining the nature of the alleged breach, did not view the existence of the typewritten plan as a material fact underlying this claim.[5] *See Sulyma v. Intel Corp. Inv. Policy Comm.*, 909 F.3d 1069, 1072–73 (9th Cir. 2018) (explaining that the first step of the § 1113(2) analysis is to "isolate and define the underlying violation upon which the plaintiff's claim is founded" (internal quotation marks and brackets omitted));[6] *Russell v. Chase Inv. Servs., Corp.*, 384 F. App'x 753,

---

853 F.2d 1487, 1491–92 (8th Cir. 1988); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1172 (D.C. Cir. 1994). We find their analyses persuasive.

[4] It appears § 1113(1)'s six-year repose period would not apply to this claim, as the alleged breach—failure to resolve the census dispute after AGI raised the issue on September 12, 2013—occurred less than six years before the action commenced.

[5] In a footnote, the district court concluded that AGI had actual knowledge that ANICO was administering the plan under different terms no later than September 12, 2013, when an AGI employee received a summary plan description of the typewritten plan's terms. However, this conclusion did not factor into the court's separate determination that AGI had actual knowledge of the material facts underlying the census-dispute claim.

[6] In addition to the Ninth Circuit, at least two other circuit courts have expressly stated that the § 1113(2) analysis begins with defining the nature of the

754 (10th Cir. 2010) (affirming dismissal under § 1113(2) where plaintiff filed ERISA claim "more than three years after she had actual knowledge of the facts on which she based her complaint").[7]  Instead, based on AGI's pleadings, the court determined it was clear that, by September 12, 2013, AGI had actual knowledge that ANICO had included employees in the census who were allegedly ineligible under the handwritten plan's terms and that this had resulted in increased costs for AGI.  In the court's view, AGI's actual knowledge of these facts was sufficient to trigger § 1113(2)'s three-year limitations period.

On appeal, AGI does not dispute that it had actual knowledge of the facts the district court determined are material to the census-dispute claim.  Instead, AGI's arguments focus on when it had actual knowledge of the typewritten plan.  We, however, agree with the district court that the typewritten plan's existence is

---

alleged breach.  *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1178 (3d Cir. 1992); *Rogers v. Millan*, 902 F.2d 34 (table), 1990 WL 61120, at *3 (6th Cir. 1990).

[7] "We have yet to define the phrase 'actual knowledge,'" and we have noted a split among other circuits, with several courts "requir[ing] [plaintiffs to have] some understanding that the conduct is unlawful under ERISA and [others] . . . merely requir[ing] knowledge of the conduct itself." *Mid-South Iron Workers Welfare Plan v. Harmon*, 645 F. App'x 661, 665 (10th Cir. 2016).  The district court adopted what it considered the "more prevalent view," concluding that AGI's actual "knowledge of the essential facts constituting the alleged violation or breach . . . trigger[ed] § 1113(2)'s three-year limitations period." (Appellant's App. at P308.)  AGI does not clearly challenge this construction of § 1113(2) on appeal, and, to the extent AGI does challenge it, its briefing on the issue is inadequate.  *See Malouf v. SEC*, 933 F.3d 1248, 1256 n.6 (10th Cir. 2019).  So, we once again have no need to consider whether to adopt the district court's construction.  *See Mid-South*, 645 F. App'x at 665.

immaterial to this breach claim.[8]  It is clear from AGI's filings that by September 12, 2013, it had actual knowledge of an unresolved census dispute after ANICO included allegedly ineligible employees in the census in violation of the handwritten plan's terms, substantially increasing AGI's costs.  ANICO's reason for not following the handwritten plan's terms—*i.e.*, the existence of a typewritten plan with different terms under which ANICO chose to administer the plan—is immaterial to a claim that ANICO breached its fiduciary duty to resolve a census dispute according to the handwritten plan's terms.  Because AGI had actual knowledge of the material facts underlying its proposed breach claim more than three years before it commenced the action, this claim would be time-barred under § 1113(2).

We are not persuaded by AGI's arguments that the fraud-or-concealment exception applies to its census-dispute claim.  AGI argues the exception applies because AGI did not have actual knowledge of the typewritten plan until less than six years prior to commencing suit.  This argument is misguided.  We have already determined that the existence of the typewritten plan is immaterial for purposes of this claim.  Moreover, as previously discussed, AGI's constructive knowledge of the typewritten plan more than six years before AGI commenced the action renders this exception inapplicable.

---

[8] We therefore need not address the thorny issue of whether a corporate plaintiff's employee's receipt of a summary plan description or other document that neither the plaintiff's officers nor the employee reads demonstrates actual knowledge of the document's terms for purposes of § 1113(2).  *Compare Sulyma*, 909 F.3d at 1076, *with Brown*, 622 F.3d at 571, *and Enneking v. Schmidt Builders Supply, Inc.*, 875 F. Supp. 2d 1274, 1284 & nn.33–34 (D. Kan. 2012).

The district court correctly concluded that AGI's proposed ERISA breach-of-fiduciary-duty claims would be time-barred under § 1113 and that an amendment to include these claims would be futile. We thus **AFFIRM** the district court's denial of AGI's Rule 59(e) motion aimed at amending the complaint to assert these claims.[9]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[9] On appeal, AGI asserts that its contract with ANICO required ANICO to provide documents, such as defined benefit plans and summary plan descriptions, by mail in hardcopy format and that ANICO's reliance on documents emailed to AGI constitutes another breach of a fiduciary duty. However, AGI raised this issue in the district court only in passing and not as a basis for a breach-of-fiduciary-duty claim. AGI admits it has had multiple "bites at the apple" (Appellant's Opening Br. at 13), and we will not give it another based on an argument it failed to raise in the district court. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011).